by the bill of sale; but I am also allowed to take the other facts presented in the evidence into consideration, as explaining away or not, this legal presumption. If the bill of sale under consideration had been made for the purpose of securing to John D. Prince the payment of a debt which George S. Prince owed him before the time of the assignment, the case would have been the invidious one of preferring one creditor over others; and the presumption arising from continued possession would have been exceedingly strong, if not insurmountable; for it would have been a case of preference and partiality. But the fact here was, that the father advanced money to the son for the purpose of being used, and which was used, for the benefit of other creditors. The money paid by the father was faithfully appropriated to the claims of other creditors; and the assignment was made, not to the prejudice of other creditors, but to their advantage. This is a circumstance in the case which I find myself unable to consent to disregard. Again, if the property assigned had been public or corporate bonds, or bills payable, or tobacco, or any movable thing which could have been physically delivered with convenience, then if it had not been delivered, but the use and possession of it retained by George S. Prince, the presumption of fraud would have been very strong. But the property assigned was not of this movable and transferable sort. It was fixtures, a personalty which savored of realty; a sort of property which John D. Prince would have had no use for in Brooklyn, N. Y.; a sort of property which as often as not in Richmond, does not belong to the manufacturer of tobacco, but belongs to his landlord or other owners; a sort of property the mere possession and use of which in the business of tobacco manufacturing, are not in fact presumptive of the manufacturer's ownership. It is a sort of property the real ownership of which is not, in fact, and as of course, presumed from the mere use of it by the manufacturer, nor made the basis of credit, any more than is the ownership of the building. It is a sort of property the ownership of which would be especially inquired of by a prudent creditor before giving credit. The Virginia court of appeals having adopted the present English rule on the legal question under discussion, I will presume that it has adopted also the English precedents. See Ryan & M. 312; 8 Taunt. 838; 5 Esp. 22; 3 Barn. & C. 368; and 3 Barn. & Adol. 498.

The case under consideration is emphatically one in which the rule caveat creditor applies. The creditor of a tobacco manufacturer in Richmond does not in fact presume that either a factory building or the fixtures in it is the property of the manufacturer. He does look and he should look to the ownership of each before giving credit upon either.

In the case of fixtures, if there is no actual fraud by misrepresentation and false pretence, fraud ought not even to be presumed from the mere fact that a vendor has use and possession of such ponderous personalty as tobacco fixtures, which he has sold. The evidence of Mr. Burton in this case is, that in nine-tenths of the tobacco factories of Richmond, the fixtures are in other ownership than that of the manufacturers, or are under mortgage. The presumption of fraud created by law in this case, is therefore, I conceive, negatived by the nature of this property as well as by the proved facts of the transaction. The fixtures were bought by contract; they were paid for in money; the purchase-money was used bona fide by the vendor in payment of his creditors; the continued possession was of property that would have been useless if removed merely to effect a change of possession; it was used after the sale, for the benefit of the business and of the creditors; and the property was of such a character as not by the custom of Richmond to create the impression of ownership in the person using it, or to give a credit to that person. I am, therefore, of the opinion that the bill of sale in this case ought not to be set aside; and that the bill of the complainants ought to be dismissed. I will make an order to that effect, and give leave to the complainants within ten days of its date to appeal from the order upon filing a bond for costs, and a copy of this record and this decision with the clerk of the circuit court.

There was no appeal.

———

HOWARD (RUBBER TIP PENCIL CO. v.). See Case No. 12,102.

HOWARD (RUSSELL v.). See Case No. 12,-156.

HOWARD (SAUNDERS v.). See Case No. 12,375.

HOWARD (TOMPKINS v.). See Case No. 14,089.

———

## Case No. 6,763.

### HOWARD v. UNITED STATES.

[2 Cranch, C. C. 259.] [1]

Circuit Court, District of Columbia. Oct. Term, 1821.

#### APPEAL—PROFANE SWEARING.

Appeal [by Gustavus Howard] from the judgment of a justice of the peace, imposing a fine, for profane swearing in his presence.

THE COURT dismissed the appeal, saying that no appeal lies in such a case (CRANCH, Chief Judge, doubting).

[1] [Reported by Hon. William Cranch, Chief Judge.]